

SIGNED this 23rd day of September, 2013

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Sylvester Lynn Jones** | ) | No. 11-10158 |
| | ) | **Chapter 7** |
| **Debtor** | ) | |
| | ) | |
| **Richard P. Jahn, Jr., Trustee** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. No. 13-1007 |
| | ) | |
| **FirstBank; C. Kenneth Still, Trustee for Janice Renner; and Mary Beth Wamp** | ) | |
| | ) | |
| **Defendants** | ) | |

**M E M O R A N D U M**

The subject matter of the complaint initiating this adversary proceeding is certain real property formerly owned by the debtor and Janice Renner, who executed a deed of trust in favor of FirstBank. The complaint seeks a determination that the deed of trust was "fatally defective"

so that it did not grant the bank a lien on the property and that, if the bank holds only an equitable lien on the property, the lien would be avoidable under § 544 of the Bankruptcy Code. Specifically, the trustee argues that the property description in the deed of trust from the debtor to the bank was insufficient to grant the bank an interest in the condominium and, as a result, the estate owns the debtor's interest in the property free and clear of the bank's lien. The proceeding is presently before the court on the bank's motion for summary judgment.

**I.**

The record reveals that the debtor and Janice Renner purchased a condominium as tenants in common on April 13, 2007. They received a unit deed granting a fee simple in the following:

> Those certain premises comprising a portion of the project known as GERMAN CREEK CONDOMINIUMS-THE BLUFFS situated in District No. 2 of Grainger County, Tennessee, such project having been established as a horizontal property regime by Master Deed dated November 28, 2006, and recorded in the office of the Register of Deeds for Grainger County, Tennessee in Instrument Book 282, Page 404 (the "Master Deed"), pursuant to the provisions of the Horizontal Property Act of Tennessee (Tennessee Code Annotated Sections 66-27-101, et seq.), as amended, the premises being more particularly described as follows:
>
> > 1.   Unit No. **B-204** as shown on the condominium plat that is attached as Exhibit "E" to the Master Deed.
> >
> > 2.   Together with the Limited Common Elements appurtenant to the Unit and an undivided interest in the General Common Elements of the project as described in the Master Deed.
>
> BEING a part of the same property conveyed to German Creek Resort, LLC by Warranty Deed dated August 19, 2005, from Kaye M. Stewart, Kimberly McDavid Eidson and Stewart McDavid in Book 267, Page 1242, and by Quit Claim Deed dated August 19, 2005, from Leon Epling and wife, Rhonda Epling, in Book 267, Page 1246, both of record in the office of the Register of Deeds for Grainger County, Tennessee.

The unit deed was recorded in Book IN285, Page 1799, in the records of the Register of Deeds for Grainger County, Tennessee.

The purchase of the condominium was financed by FirstBank, which received a deed of trust dated April 13, 2007, that was also recorded with the Grainger County Register of Deeds, in Book IN285, Page 1804. That instrument granted the bank a security interest in all of the debtor's and Ms. Renner's interest in the "real property situated in Grainger County, Tennessee, more particularly described as follows (the 'Property'): SEE ATTACHED DESCRIPTION FOR PROPERTY LOCATED AT: 224 SANDPIPER LN, BEAN STATION, TN 37708." The referenced description is set forth in "Exhibit A" to the deed of trust, which states in part:

> BEING the same property located in Grainger County: 224 Sandpiper Lane, Bean Station, Tennessee 37708
>
> SITUATED in District No. 2 of Grainger County, Tennessee, without the corporate limits of any municipality, and being known and designated as all of Lot 224, German Creek Resort Subdivision, of record in Plat Book 2, Page 94, in the Register's Office for Grainger County, Tennessee, to which map specific reference is made for a more particular description.
>
> BEING the same property conveyed to Janice Renner, single and Lynn Jones, single, by Unit Deed from Germain Creek Resort, LLC, a Tennessee Limited Liability Company, dated 4/13/2007, recorded 4-30-07, in Book 285, Page 1799, in the Register's Office for Grainger County, Tennessee.

Based on the affidavit of Adrian Cameron, Mapping and Addressing Coordinator for Grainger County Emergency Communications District, 224 Sandpiper Lane is a unique and distinct address assigned by Grainger County to Unit B-204 of the German Creek Condominiums-The Bluffs.[1] According to the documents submitted by the parties, the plat recorded at Page 94 of

---

[1] The Cameron affidavit states that, pursuant to the Grainger County uniform mapping and addressing system, the building number, floor number, and unit number of multi-building,
(continued...)

-3-

Plat Book 2 is a final plat of German Creek Estates and does not contain a Lot 224, but contains only lots numbered one through eleven. The deed of trust is linked to the unit deed with the Grainger County Register of Deeds so that anyone conducting a title search on the unit deed would be notified of the existence of the deed of trust. The debtor and Ms. Renner own no other property in Grainger County, Tennessee.

The debtor and Ms. Renner defaulted on the FirstBank loan. Then, on January 8, 2010, Ms. Renner filed a chapter 13 bankruptcy petition. Her schedules of assets listed the condominium, identifying it as "224 Sandpiper Lane, Bean Station, Tennessee." Her chapter 13 plan provided for the surrender of her interest in the condominium to the bank. On April 27, 2010, FirstBank conducted a foreclosure sale of the property, and it was the highest bidder. The successor trustee delivered a deed to the bank (of record in Book IN315, Page 962), which contained a description identical to the one set forth in the attachment to the deed of trust, including a reference to the unit deed in the derivation clause. Then, on June 30, 2010, the bank conveyed the property to defendant Mary Beth Wamp by special warranty deed.

---

[1] (...continued)
multi-level condominium developments are reflected in the address of the particular condominium in the development. Thus, "224 Sandpiper Lane is the approved address for the condominium found in the 2nd building, 2nd floor, 4th unit of German Creek Resorts, Phase I." (Cameron Aff. ¶ 6.)

After the bank submitted the Cameron affidavit, the court entered an order directing the trustee to respond to it by identifying any facts contained therein that are in dispute, with citations to the record or a supporting affidavit. The order specified that, if the trustee did not so respond, the court would consider the factual allegations of the Cameron affidavit as undisputed for summary judgment purposes. In response, the trustee filed a memorandum of law and a motion to quash or limit the affidavit as presenting extrinsic evidence that could not be used to alter or contradict the deed of trust at issue in this proceeding.

On January 12, 2011, the debtor filed a chapter 7 bankruptcy petition. On January 9, 2013, the trustee initiated this adversary proceeding, seeking to determine the validity, extent, and priority of the bank's and Ms. Wamp's interests in the condominium. Pursuant to an agreed order entered on April 30, 2013, Ms. Wamp sold the condominium to a third party, so the issue before the court is the parties' respective interests in the sale proceeds of the property.

## II.

### A.

Summary judgment is appropriate if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). The facts presented in this proceeding are undisputed. Rather, the question presented is whether the property description included in the bank's deed of trust was legally sufficient to convey a security interest in Condominium Unit No. B-204 to FirstBank. If it was, then the foreclosure sale that the bank conducted on April 27, 2010, extinguished all interest that the debtor had in Condominium Unit No. B-204, and the debtor had no interest in that property at the time he filed his bankruptcy petition on January 12, 2011.

In arguing that the deed of trust did not convey a security interest in the condominium to the bank, the trustee points out that the instrument did not specifically mention Condominium Unit No. B-204 in its description of the property that was to serve as collateral for the bank. The property, however, is identified in the deed of trust in three ways. First, the property is identified by reference to an address, namely 224 Sandpiper Lane, Bean Station, Tennessee 37708. Second, the property is identified by a reference to "Lot 224, German Creek Resort Subdivision, of record in Plat Book 2, Page 94, in the Register's Office for Grainger County, Tennessee, to which

map specific reference is made for a more particular description." Third, the property is identified through a derivation clause that describes the property as being the same property conveyed to the debtor and Ms. Renner by the unit deed dated April 13, 2007, and recorded on April 30, 2007, in Book 285, Page 1799, in the register's office for Grainger County, Tennessee. The trustee contends that the deed of trust is invalid because the second reference to the property (the reference to Lot 224 of the German Creek Resort Subdivision, of record in Plat Book 2, Page 94) invalidates the deed of trust since there is no Lot 224 shown on the plat recorded at Page 94 of Plat Book 2. Thus, the trustee argues, the property description in the deed of trust was insufficient to convey a security interest in Condominium Unit No. B-204 to the bank.

The bank, on the other hand, contends that the property description in the deed of trust was sufficient to convey to it a security interest in Condominium No. B-204 despite its reference to a "Lot 224." The bank argues that the listing of the property address in the deed of trust as 224 Sandpiper Lane, Bean Station, Tennessee, 37708, was correct, that the derivation clause in the deed of trust accurately refers to the property at issue, and that the reference in the deed of trust to a nonexistent Lot 224 was not a fatal mistake that vitiates the deed of trust.

Although the parties agree that the deed of trust is linked to the unit deed in the index of the register of deeds, they disagree as to whether that link places the deed of trust in the "chain of title" to the condominium. Again, the resolution of that disagreement depends on whether the description in the deed of trust is adequate to describe the condominium and convey an interest in that property. Thus, the court must first determine the sufficiency of the property description. If the description is sufficient, that is the end of the inquiry. If the description is not sufficient, the court would then need to determine whether the bank holds an equitable lien in the property and

whether the trustee was on notice of the lien such that it may not be avoided under § 544 of the Bankruptcy Code.

**B.**

Absent a countervailing federal interest, courts should look to state law to determine the property rights included in a debtor's bankruptcy estate. *Butner v. United States*, 440 U.S. 48, 55 (1979). Consequently, whether the debtor's bankruptcy estate has an interest in the condominium depends upon whether, under Tennessee law, the deed of trust failed to convey a security interest in that property to the bank. Tennessee law requires that instruments conveying an interest in property include a description of the property. Tenn. Code Ann. § 66–5–103; *Phoenix Mut. Life Ins. Co. v. Kingston Bank & Trust Co.*, 112 S.W.2d 381, 382 (Tenn. 1938). The question in this proceeding is whether a description that contains an error of the type presented here is still sufficient to meet that requirement. The court believes that the answer to this question can be found in *ABN AMRO Mortgage Group, Inc. v. Southern Security Federal Credit Union*, 372 S.W.3d 121 (Tenn. Ct. App. 2011), *perm. app. denied* (Tenn. Apr. 11, 2012), which summarizes the law in Tennessee with respect to the sufficiency of property descriptions in deeds of trust, and its facts are somewhat similar to the facts in this proceeding.

In *ABN AMRO*, the first mortgage deed of trust identified the subject property as 8320 Bon Lin Drive in Barlett, Tennessee. The instrument went on to describe the property as "Lot 16, Rolling Woods Subdivision, as shown on plat of record in Plat Book 38, Page 8, in the Register's Office of Shelby County, Tennessee, to which plat reference is hereby given for a more particular description of said property." The deed of trust also included a "derivation" clause, further describing the property as "the same property as conveyed to Charles Giacosa and wife, Pamela

Giacosa from Roland J. Holeczko and Candace D. Holeczko, husband and wife by Warranty Deed dated May 23, 2001, recorded June 29, 2001, in Book LD, Page 1101 in the Register's Office of Shelby County, Tennessee." *Id.* at 123. A junior mortgagee filed suit to invalidate the first mortgage, on the ground that the legal description made an incorrect reference to Lot 16 rather than Lot 10. The trial court ruled in favor of the first mortgagee, and the Court of Appeals affirmed.

The court first quoted a leading legal encyclopedia at length:

> Generally, any description in a conveyance of the property is sufficient if it identifies the property, or if it affords the means of identification, as by extrinsic evidence.
>
> Courts are reluctant to declare instruments void for an uncertain description and will look to attendant facts to make them certain. The sufficiency of a description in a deed is not to be measured by any inflexible rule or sets of rules. While it has been held that the function of a description of the property in conveyances is to identify the land covered by the conveyance, it has also been stated that the office of a description is not to identify the land, but to afford a means of identification.
>
> Generally, therefore, any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification, of the property covered by the deed or which it was intended to convey thereby with reasonable certainty, and without the exercise of arbitrary discretion. A conveyance is also good, if the description can be made certain within the terms of the instrument. A description from which a surveyor can locate the land and by means of which the surveyor is able to establish its boundaries, or by which a party familiar with the locality is enabled to identify the premises intended to be conveyed with reasonable certainty, is sufficient. A deed will not be held void for uncertainty of description if by any reasonable construction it can be made available. *A court will declare a deed void for uncertainty of description only where, after resorting to oral proof or after relying upon other extrinsic or external proof or evidence, that which was intended by the instrument remains a mere matter of conjecture, or where the description cannot be made applicable to but one definite tract.*
>
> The description of property need not be determined by reference to the deed alone. Extrinsic facts pointed out in the description may be resorted to in

order to ascertain the land conveyed, and the property may be identified by extrinsic evidence. Although such extrinsic evidence must be sufficient to establish the identity of the land sought to be conveyed, it must not add to, enlarge, or in any way change the description contained in the conveyance, and the writing itself must furnish the hinge or hook on which to hang the aid thus afforded, without resorting to any secret or undisclosed intention of the parties thereto.

*If part of the description is proved inconsistent on being applied to the premises, it does not vitiate the deed if a sufficient part of the description remains for purposes of identification or where the grantor's intent is apparent.* However, if the deed contains inconsistent descriptions either of which is sufficient to identify different parcels of property, and there is nothing to show the grantor's intention, the deed is void for uncertainty. Where all the particulars in a description are essential, the description in the deed must agree with every particular, or nothing will pass, but where they are not all essential, and it does not so agree, if it is sufficient to identify the estate granted, the deed is good.

*Id.* at 127-128 (Tenn. Ct. App. 2011) (emphasis added) (quoting 26A C.J.S. *Deeds* § 51 (2011)). The court then held that "Tennessee case law is in line with the *Corpus Juris Secundum* on this point—to be valid, a deed 'must designate the land intended to be conveyed with reasonable certainty.' Several of our courts have held that '[t]he test is said to be whether a surveyor with the deed before him [or her] and with or without the aid of extrinsic evidence can locate the land and establish the boundaries." *Id.* at 128 (citing *Phoenix Mut. Life Ins. Co. v. Kingston Bank & Trust Co.*, 112 S.W.2d 381, 382 (Tenn. 1938)) (additional citations omitted). "[I]n determining the question of title, based upon the description of the property, the generally accepted rule is that if the instrument describes it in such a manner that it can be located and distinguished from other property, it is good[.]" *Id.* at 130 (quoting *Wallace v. McPherson*, 340, 214 S.W.2d 50, 53 (Tenn. 1947)).

The trial court decision upheld the property description despite the erroneous lot number because (1) the deed of trust included the correct street address, and (2) the warranty deed referenced in the deed of trust correctly identified the property as lot 10 rather than lot 16. *Id.* at 129.

The Court of Appeals affirmed, because "the trial court determined that the First Deed of Trust 'is so drawn that, upon its face, it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only.'" *Id.* (citing *Dobson v. Litton*, 45 Tenn. 616, 620 (Tenn. 1868)). [T]he trial court correctly concluded that the description was sufficiently definite and exclusive to permit extrinsic evidence (i.e., the previously-filed warranty deed that is referenced in the description) to supply the correct lot number." *Id.* at 129-30 (citing *Wilson v. Calhoun*, 11 S.W.2d 906, 907-08 (Tenn. 1928)). Finally, the court concluded: "From the totality of the circumstances, we agree with the trial court that the First Deed of Trust, in favor of ABN, sufficiently designated the land intended to be mortgaged 'with reasonable certainty' as required under Tennessee law." *Id.* at 130 (citing *Phoenix Mut. v. Kingston Bank*, 112 S.W.2d at 382) (additional citations omitted).

The outcome in this proceeding should be no different than the outcome in *ABN AMRO*. Here, as in *ABN AMRO*, the deed of trust contained a mistaken reference to a lot number. But here, as in *ABN AMRO*, the instrument included the correct street address as shown by the Cameron affidavit, and the derivation clause referred to an instrument (the unit deed) that correctly identified the property.[2] Accordingly, as in *ABN AMRO*, the deed of trust "refers necessarily to some existing tract of land, and its terms can be applied to that one tract only." The outcome must, therefore, be the same as in *ABN AMRO*: the deed of trust "sufficiently designated the land intended to be mortgaged 'with reasonable certainty' as required under Tennessee law."

---

[2] The Cameron affidavit and the unit deed may be considered because the description in the deed of trust "was sufficiently definite and exclusive to permit extrinsic evidence." For that reason, the court will deny the trustee's motion to quash the Cameron affidavit.

In reaching this conclusion, the court believes that the facts in this proceeding are distinguishable from the facts in the case authorities cited by the trustee is support of his position. For example, the trustee relies heavily on *Jahn v. Bank of America, N.A. (In re Lawson)*, Adv. No. 10-1330, 2011 WL 1167115 (Bankr. E.D. Tenn. Mar. 28, 2011), in which the court invalidated a deed of trust the body of which identified the property as being located at one address, while an exhibit included a lot reference and address that related to a different tract of land. *Id.* at *2, *12-*13. The ambiguity arose from the fact that the instrument "contain[ed] information about two entirely different pieces of property, both owned by the Debtor and her husband." *Id.* at 11. Thus, under the facts of that case, it was far from clear which property was subject of the instrument.

In this adversary proceeding, on the other hand, in the words of *C.J.S.* quoted in *ABN AMRO*, "the grantor's intent is apparent." It is apparent from the fact that the lot reference is obviously erroneous since the lot number is the same as the condominium's official street address, from the fact that there is no such lot number on the referenced plat, and from the fact that the other two descriptions of the property in the deed of trust are accurate references to the condominium. *ABN AMRO* teaches that there must be a flexible approach to determining the sufficiency of a description in a deed, based on the totality of the circumstances presented in each particular case. While it was unclear in *Lawson* which of the debtor's properties was the subject of the deed of trust, under the facts of this proceeding it is clear that it is the debtor's condominium that is subject to FirstBank's deed of trust.

The trustee also relies on *Fugate v. CIT Group (In re Eanes)*, Adv. No. 05-2015 (Bankr. E.D. Tenn. May 26, 2006), in which the debtor acquired Lot 2 of the Common Area of Horse

Creek Village Section A, which was located at 211 Kelso Court, when he had intended to purchase Lot 1, located at 115 Keeneland Court. CIT Group received a deed of trust, which (in its body) identified the property as 115 Keeneland Court but (in the attached legal description) identified the property as Lot 2. The court held that CIT did not hold a lien on Lot 1 located on Keeneland Court because the debtor did not own that property at the time and so could not have conveyed an interest to the lender.[3] The decision did not turn on the inadequacy of the deed of trust's description of the collateral. Rather, the deed of trust identified two properties, only one of which was then owned by the debtor, so the security interest could only attach to the property described by the legal description and the enforceability of the lien against that property was not before the court. In this proceeding, there is no dispute that the debtor owned the property correctly identified (by two different methods) in the deed of trust.

Other cases cited by the trustee are similarly inapposite. In *Hanrahan v. University of Iowa Community Credit Union (In re Thomas)*, 387 B.R. 4 (Bankr. N.D. Iowa 2008), there was only one legal description in the mortgage, and it described the property located at 109 Valley Road while the debtor owned the property located at 117 Valley Road. In this proceeding, on the other hand, the deed of trust correctly identified (by two different methods) the property owned by the debtor that was intended to be conveyed. In *Mason v. Ocwen Loan Servicing, LLC (In re Votaw)*, Bankr. Nos. 10-63744, 10-64405, Adv. No. 11-6087, 2012 WL 529242, at *3-*4 (Bankr. N.D. Ohio Feb. 17, 2012), the mortgage was completely inconsistent with the deed whereby the debtors acquired the property: the two instruments had different street addresses, the

---

[3] The court went on to hold that CIT held an equitable lien on Lot 1, which the debtor had later acquired, but that the equitable lien was avoidable under § 544(a) of the Bankruptcy Code, and so the court denied CIT's request to reform the deed of trust.

legal description of each instrument described a different piece of property, and the deed referred to parcel numbers and the mortgage did not, so it is not surprising that the Ohio court declined to enforce the mortgage. Courts in other cases cited by the trustee simply found that the deeds of trust failed to contain any property descriptions that would locate the property at issue, which is not the case here. *CC Holdings, Inc. v. Tenn. Gas Transp., Inc. (In re Tenn. Gas Transp., Inc.)*, 169 B.R. 643, 646-647 (Bankr. M.D. Tenn. 1994); *Newton v. Herskowitz (In re Gatlinburg Motel Enters., Ltd.)*, 119 B.R. 955, 966 (Bankr. E.D. Tenn. 1990).

In further support of his position, the trustee has cited to several other cases in which liens were held avoidable through the trustee's strong arm powers because the deeds of trust or mortgages did not provide constructive notice of the security interests. Under Tennessee law, a valid and duly recorded deed of trust is notice to the world of the mortgagee's interest, Tenn. Code Ann. § 66-26-101, provided that the instrument contains a description of the property, *Phoenix Mut. Life Ins. Co. v. Kingston Bank & Trust Co.*, 112 S.W.2d 381, 382 (Tenn. 1938). Here, for the reasons set forth above, the court holds that the property description in FirstBank's deed of trust was legally sufficient to convey the security interest in Condominium Unit No. B-204 to the bank and, because it was properly recorded and indexed, the deed of trust was perfected under Tennessee law and effective against subsequent purchasers and the debtor's creditors. The court need not, therefore, address the parties' contentions regarding the effectiveness of inquiry notice. Moreover, because the property description in FirstBank's deed of trust was legally sufficient to convey the security interest in the condominium, it is unnecessary to address whether an equitable lien in the property would have arisen in favor of the bank had the property

description been inadequate, or whether the trustee could have defeated any equitable lien through the rights and powers provided to the trustee under 11 U.S.C. § 544(a).

### III.

Because the bank held a valid and properly recorded deed of trust, the successor trustee under that instrument could lawfully and effectively exercise his remedy of foreclosure. The debtor and Ms. Renner's interests in the property were conveyed to the bank as the highest bidder by a duly recorded successor trustee's deed. It follows that the debtor held no interest in the property at the time he commenced his chapter 7 case, so the property did not come into the bankruptcy estate under § 541 of the Bankruptcy Code. Accordingly, the court will enter an order and judgment granting FirstBank's motion for summary judgment and dismissing this proceeding. The order and judgment will also deny the trustee's motion to quash the Cameron affidavit, and deny as moot FirstBank's motion to dismiss Mary Beth Wamp's crossclaim.

# # #